**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HOGAR C.R.E.A. INTERNATIONAL OF
FLORIDA, INC., HOGAR C.R.E.A.
INTERNATIONAL, INC. & HOGAR
C.R.E.A., INC.,**

                  **Plaintiffs,**

**-vs-**                                                   **Case No. 6:10-cv-1629-Orl-31DAB**

**HOGAR C.E.R.A. INCORPORATED OF
FLORIDA, CARMELO RUIZ, ANGEL
LEBRON MOLINARI, PEDRO
CLEMENTE, DELIA CLEMENTE,
ANTONIO MALDONADO,**

                  **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS HOGAR C.E.R.A. INC. OF FLORIDA AND CARMELO RUIZ (Doc. No. 73)**
>
> **FILED:** February 18, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs, all Hogar C.R.E.A. corporate entities, are the owners of 152 international drug and alcohol rehabilitation facilities who are suing Defendants for claims of trademark infringement and dilution under the Lanham Act and state law, unfair competition, cybersquatting, deceptive trade

practices and civil theft in the operation of Defendants' drug rehabilitation program and facilities using the confusingly similar name of Hogar C.E.R.A. Inc. Plaintiffs now seek a final default judgment against Defendants Hogar C.E.R.A. Inc. of Florida and Carmelo Ruiz pursuant to Federal Rule of Civil Procedure 55(b)(1)[1]. Doc. 73. It is respectfully **RECOMMENDED** that Plaintiffs' Motion for Final Default Judgment be **GRANTED.**

I. *Procedural History*

Plaintiffs filed suit on March 8, 2010 in the Southern District of Florida. Doc. 1. Plaintiffs moved for default judgment on April 27, 2010, which was denied because they failed to provide proof of service on Defendants. Doc. 9. Defendant Carmelo Ruiz, proceeding *pro se*, answered on April 12, 2010, and subsequently moved to change venue to the Middle District of Florida[2], which was granted, and the case was transferred on November 4, 2010. Doc. 48. Following some administrative problems with Plaintiffs' former counsel[3], new counsel admitted to the Middle District of Florida filed an appearance on January 10, 2011 (Doc. 64), and the Court set a status conference for February 2, 2011, admonishing "anyone wishing to continue to participate in, prosecute or defend this action must appear or be represented (by counsel admitted to the Bar of this Court) at this hearing. Failure to do so may result in imposition of sanctions, including possible dismissal, default or termination from the case." Doc. 66. Plaintiffs' counsel represented at the hearing that Plaintiffs intended to seek default judgment against the Defendants who had been served and to abandon their claims against those Defendants who had not been served (*see* Doc. 71); they also withdrew their motion to change venue.

---

[1] Plaintiffs voluntarily dismissed several other Defendants, Antonio Maldonado, Delia Clemente, Pedro Clemente and Angel Lebron Molinari. Doc. 74.

[2] Plaintiffs subsequently moved to change venue to the District of Puerto Rico, but the Motion was later withdrawn. *See* Doc. 68.

[3] *See* Doc. 63, which was modified by Doc. 68, but sets forth the admission issues with Plaintiffs' former counsel.

Plaintiffs moved for Default Judgment against the only two Defendants who had been successfully served, Hogar C.E.R.A. Inc. of Florida and Carmelo Ruiz, on February 18, 2011. Doc. 73.

II. *Defaults and Admitted Facts*

The district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). Pursuant to Federal Rules of Civil Procedure 4(h)(1) service on corporations, partnerships or other unincorporated associations within a judicial district of the United States is accomplished the same as service on individuals in accordance with Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of process." F.R.C.P. 4(h)(1). Under Rule 4(e), service is accomplished by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made or by delivering a copy to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. Pro. 4 (e).

In this case, service was made on Carmelo Ruiz on March 24, 2010 (Doc. 14, 15). Ruiz filed an answer on April 12, 2010. Doc. 7. Although Hogar C.E.R.A. International of Florida, Inc. was served through service on Ruiz as its agent[4], it did not file an "answer" per se, but Ruiz, apparently in an attempt to represent the corporation, filed an unsworn statement responding to Plaintiffs' previous Motion for Default on July 6, 2010 (Doc. 21), arguing:

> This is to state that no response for Hogar C.E.R.A. International of Florida, Inc. was drafted or sent as Hogar C.E.R.A. International of Florida, Inc. does not exist as an entity. It was administratively dissolved on 09/25/2009. As this suit was brought over

---

[4]Florida Statute § 48.081(3)(a) allows process to be served on the registered agent of a corporation, however, if service cannot be made on a registered agent because of failure to have a registered agent available in the office during 10 a.m. to 12 noon each day, service of process shall be permitted on any employee at the corporation's principal place of business. *See SunTrust Bank v. Electronic Wireless Corp*, 23 So.3d 774, 776-77 (Fla. 3rd DCA 2009) (citing Fla. Stat. § 48.091(2)).

> four months after this corporation was dissolved no officers or representatives of this entity exist.
>
> Therefore we are requesting that the default judgment be denied.

Doc. 21. Ruiz also filed a Motion to Dismiss on behalf of Defendant Hogar C.E.R.A. International of Florida, Inc. (Doc. 22), which the district judge (while the case was in the Southern District) struck because the corporation could not appear *pro se* and had to be represented by counsel. Doc. 28. The corporate Defendant chose not to file any answer following the order striking its Motion to Dismiss; default was entered against Hogar C.E.R.A. International of Florida, Inc. on May 17, 2010. Doc. 11. Ruiz filed a motion to transfer venue, which was granted, and the case was transferred to the Middle District. Docs. 23, 45. This Court thereafter set a scheduling conference, but despite admonishment from the Court that failure to attend could result in Defendants being held in default, Ruiz failed to attend the status conference on February 2, 2011. *See* Doc. 67 (minutes).

Over the course of the litigation, the corporate Defendant was served, and failed to properly file an answer, and default was entered against it; thus, the corporate Defendant's failure to timely respond serves to admit the well pleaded allegations of the Complaint. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact."). Similarly, Ruiz's failure to participate in the court-ordered hearing on February 2, 2011 supports entry of default against him, which also serves to admit the well pleaded allegations of the Complaint.

Hogar C.R.E.A, Inc. is a world famous drug and alcohol rehabilitation facility founded in 1968 in the Commonwealth of Puerto Rico and provides prevention, counseling and rehabilitation treatment for drugs and alcohol users. Doc. 1 ¶ 14. . The word "CREA" stands for the re-education of the addicts and the community. Of the thousands of people who have completed the program, an estimated 92% remain drug free after program completion. *Id. ¶* 19.

Hogar C.R.E.A, Inc. has expanded throughout Puerto Rico and to more than 152 facilities worldwide in the United States, Mexico, Brazil, Costa Rica, Spain, Venezuela, Dominican Republic, Panama, EI Salvador and continuing. *Id. ¶* 15.  In order to run a more efficient operation, Hogar C.R.E.A, Inc. created Hogar C.R.E.A. International, Inc., which supervises all subsidiaries in the United States, including Hogar C.R.E.A. International of Florida, (Hogar C.R.E.A.). *Id. ¶* 16.

Since 1968,  Hogar C.R.E.A, Inc. has continuously used the Hogar C.R.E.A., Inc. name and marks in connection with its drug rehabilitation program in the United States and around the world, spending substantial sums of money to advertise and promote the name and marks in print and broadcast media, and on the internet through Hogar C.R.E.A. Inc.'s multiple websites www.hogarcreapr.org, www.hogarcrea.org, www.hogarcrea.net ; www.hogarcrea.cl etc. In addition, Hogar C.R.E.A. has made extensive use of the Hogar C.R.E.A marks on, among other things, signage, wearing apparel and promotional materials. *Id. ¶* 17.  Hogar C.R.E.A. has continually advertised nationwide using its Hogar C.R.E.A. name and marks since 1968. It advertises and promotes its Hogar C.R.E.A. International, Hogar C.R.E.A., and Hogar C.R.E.A. marks in print advertising, television and radio advertising, Internet advertising, email advertising, various direct mail channels, and in its catalogs. *Id. ¶* 18.  As a result of fifty-two (52) years of continual marketing in various forms of print, television, radio and internet media, the Hogar C.R.E.A. entities have created and maintained a considerable amount of intellectual property, collectively referred to as  Hogar C.R.E.A. IP.  *Id. ¶* 20.

Defendant Carmelo Ruiz was previously treated and subsequently employed by Hogar C.R.E.A.  *Id*. ¶ 9.  The corporate Defendant with the nearly identical name, Hogar **C.E.R.A.**, is a Florida corporation created on November 25, 2008. *Id. ¶* 21.  Defendant Hogar **C.E.R.A.**'s use of its name is likely to cause confusion among the consuming public, who may falsely believe that its business is in some way associated with, or authorized by one of the Hogar C.R.E.A. entities, or that

-5-

they are purchasing the goods and services from Hogar C.R.E.A. entities, when in fact, they are merely copying those goods and services established by Hogar C.R.E.A. entities and are in no way associated with Hogar C.R.E.A. entities. *Id.* ¶ 22. Hogar C.E.R.A. use the same color T-shirts, labels, signs, prints, packages, wrappers, receptacles, promotional material, and the same symbols or strikingly similar symbols as Hogar C.R.E.A. entities, which is likely to cause confusion among the consuming public. *Id.* ¶ 23. Defendant Hogar C.E.R.A. is also the domain registrant for the website www.hogarcera.com. *Id.* ¶ 24. The home page and all of the internal pages of Hogar C.E.R.A.'s website at the www.hogarcera.com domain name advertise the same drug rehabilitation program that the Hogar C.R.E.A. entities offer and provides information about entering the program. *Id.* ¶ 25. The www.hogarcera.com domain name contains the famous Hogar C.R.E.A. name, or a name confusingly similar to that of Hogar C.R.E.A., contains a logo previously adopted by Hogar C.R.E.A. entities, and includes similar missions and philosophies to those adopted and marketed by Hogar C.R.E.A. *Id.* ¶ 26. By operating its drug rehabilitation program, facilities and associated services and by using the www.hogarcera.com domain name, Defendants are making use of the Hogar C.R.E.A. IP without the consent, approval or authority of the Hogar C.R.E.A. entities. *Id.* ¶ 27. By using the Hogar C.R.E.A. IP, Defendants are intentionally and wrongfully attempting to capitalize on the goodwill and reputation of the Hogar C.R.E.A. IP. *Id.* ¶ 28. Defendants continue to exploit the goodwill and fame built up in the Hogar C.R.E.A. name for their own advantage, furthering in their attempt to draw a connection between the Defendant's drug rehabilitation program and facilities, and the worldwide recognition of Hogar C.R.E.A. entities' drug rehabilitation program and facilities. *Id.* ¶ 29.

### III. *Injunctive Relief*

Plaintiffs seek a permanent injunction prohibiting Defendants from violating trademark and trade dress laws, cybersquatting and unfair competition laws, intentional interference with prospective

economic advantage and civil theft, for Defendants to cease use of the confusingly similar name of "Hogar C.E.R.A."[5] A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

Although Plaintiffs' Motion for Default Judgment has not specifically set forth the legal analysis for all of the bases for the relief they seek, the Court finds that Defendants' use of the Hogar C.E.R.A. name is confusingly similar to Plaintiffs' Hogar C.R.E.A. IP and Plaintiffs' are entitled to injunctive relief to prevent any future infringement of their trademarks. The Lanham Act permits the issuance of permanent injunctions to prevent future violations. 15 U.S.C. § 1116. Plaintiffs need not introduce evidence of threats of future harm when the Defendants have willfully infringed a plaintiff's trademarks. *See Polo Fashions, Inc. v. Dick Bruhm, Inc.*, 793 F.2d 1132, 1135-36 (9th Cir. 1986); *Vuitton Et Fils, S.A. v. Crown Handbags*, 492 F. Supp. 1071, 1077 (S.D. N.Y. 1979) ("mere possibility of infringement is sufficient to warrant a permanent injunction"), *aff'd*, 622 F.2d 577 (2d Cir. 1980).

IV. *Conclusion*

It is respectfully **RECOMMENDED that** Plaintiffs be **GRANTED** a permanent injunction prohibiting Defendants, their officers, agents, servants, employees, and/or all persons acting in concert or participation with them or any of them, from: (1) using the Hogar C.E.R.A or Hogar C.R.E.A name and marks, or confusingly similar variations thereof, alone or in combinations with any other letters, words, letter strings, phrases, or designs in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites, in domain names, and as names for business

---

[5]Plaintiffs seeks an injunction against Defendants from using Hogar C.E.R.A., in violation of FDUTPA, Fla. Stat. §501.211(1), but have provided no memorandum or legal analysis in support of this relief.

entities); and (2) registering or trafficking in any domain names containing the Hogar C.E.R.A or Hogar C.R.E.A name or marks, or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs; and (3) a permanent injunction requiring the current domain name registrar to transfer the www.hogarcera.com domain name to Hogar C.R.E.A., Inc.

It is further **respectfully RECOMMENDED** that the Court reserve jurisdiction to award compensatory damages[6], interest, costs, and attorneys' fees incurred by the Plaintiffs as a result of prosecuting this action, and order Plaintiffs to file any motion and memorandum of law for such relief within 14 days of any Order adopting this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 5, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[6] Plaintiffs sought compensatory damages against Carmelo Ruiz in the amount of $3,090.88, but have not filed any evidentiary support. If default judgment is sought for a sum certain or for a "sum which can by computation be made certain," the clerk, "upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear." Fed. R. Civ. P. 55(b)..